UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ABEL CUELLAR LOPEZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 2:24-CV-00079 |
| | § | |
| DANIEL DEFENSE, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>DEFENDANT FIREQUEST INTERNATIONAL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Defendant Firequest International, Inc. ("Firequest") files this Reply in Support of Its Motion to Dismiss for Failure to State a Claim (ECF No. 16) and respectfully shows the Court as follows:

## I.

## OVERVIEW

Plaintiffs' Response (ECF No. 22) makes clear that Plaintiffs cannot state an actionable claim against Firequest. There is no dispute that Plaintiffs' injuries were caused by the intentional, criminal acts of a third party, which is a superseding cause of their injuries as a matter of law. There also is no dispute that the trigger device at issue (the "Hellfire") is not an illegal "machinegun" under recent, controlling authority, so Plaintiffs' negligence per se claims (all based on that premise) are not viable. And, contrary to Plaintiffs' apparent assumption, Plaintiffs have not asserted a products liability claim against Firequest—they have asserted an "abnormally dangerous activity" strict liability claim, which Texas law does not recognize (and Plaintiffs do not even try to defend).

The only claim Plaintiffs attempt to defend is their allegation that Firequest was negligent, but their arguments misapply Texas law. As the seller of a lawful product, Firequest is entitled to assume the purchaser would obey the law. The only exception is where the purchaser exhibited by words or conduct that, if possessed of the product, he would use it to harm others. But there are no allegations to support this here, and Plaintiffs do not dispute that. Instead, they attempt to invent new legal duties for online retailers like Firequest that would require them to investigate all purchasers to ensure that they are mature and responsible enough not to pose a danger to others.

Texas law does not recognize the duties that Plaintiffs want to impose. To state an actionable claim against Firequest, Plaintiffs must allege facts showing that the purchaser at the time of the sale exhibited to Firequest that, if possessed of the device, he would use it to break the law and harm others. Plaintiffs cannot allege any such facts, and that is fatal to their claims against Firequest. Therefore, all claims asserted against Firequest should be dismissed for failure to state a claim.

## II.
## ARGUMENT AND AUTHORITY

### A.    Plaintiffs' rhetoric and assertions of extrinsic facts cannot be considered.

Plaintiffs' Response begins with several pages of rhetoric and factual assertions that are nowhere included in the pleadings. *See* Resp. at 1-4. None of this may be considered in evaluating whether Plaintiffs have stated a claim against Firequest. Federal law is clear that when evaluating a Rule 12(b)(6) motion to dismiss, the Court is limited to "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Extrinsic facts and rhetoric cannot substitute for well pleaded facts.

**B.    The only claim Plaintiffs meaningfully attempt to defend is negligence—their other claims clearly are not viable.**

Plaintiffs' Petition asserts four claims against Firequest: (1) negligence; (2) negligence per se; (3) strict liability for abnormally dangerous activity; and (4) gross negligence. *See* Pet. ¶¶ 493-519 (ECF No. 1-5). Plaintiffs' negligence per se claims are based on the premise that the Hellfire device is an illegal "machinegun" under state and federal law. *Id.* ¶¶ 502-511. But, as Firequest demonstrated in its Motion to Dismiss, the Supreme Court has effectively held that it is not a "machinegun" as a matter of law because it does not enable the firearm to fire multiple rounds with a "single function of the trigger." *See* Mot. at 5-6. Plaintiffs cannot dispute this; they only claim (falsely) that their negligence per se claims are based on other violations as well. *See* Resp. at 14-15. They are not. *See* Pet. ¶¶ 502-511 (alleging only violations of statutes that prohibit the sale and marketing of machineguns).

Plaintiffs also fail to support their strict liability claim. Plaintiffs' claim based on the allegation that Firequest engaged in "abnormally dangerous activity." *See id.* ¶¶ 512-515. In its Motion to Dismiss, Firequest demonstrated in that Texas law does not recognize this claim. *See* Mot. at 8-9. In response, Plaintiffs do not even try to defend this claim. Instead, they wrongly assume it is a products liability claim based on a marketing defect. *See* Resp. at 16-17. It is not. *See* Pet. ¶¶ 512-515. Plaintiffs' arguments regarding a hypothetical products liability claim are thus irrelevant.

**C.    The Petition fails to allege the essential element of causation.**

Firequest argues in its Motion to Dismiss that the Petition fails to allege legal causation; in fact, the allegations *negate* causation because all of the alleged harm was caused by a third party's criminal conduct, and under well-established Texas law, the Uvalde gunman's criminal conduct is a superseding cause of Plaintiff's injuries as a matter of law. *See* Mot. at 4-5 (citing *Phan Son Van*

*v. Pena*, 990 S.W.3d 751 (Tex. 1999) and other authorities). Plaintiffs admit this is the law, but they argue that this case fits an exception where the third party's criminal conduct was a foreseeable result of the defendant's negligence. *See* Resp. at 8-10.

Plaintiffs' argument is defective because it assumes a viable negligence claim. The exception Plaintiffs rely on applies only where the criminal conduct foreseeably resulted from the defendant's *negligence*. *Pena*, 900 S.W.2d at 753. But Plaintiffs have not stated a claim for negligence because they have not alleged any facts known to Firequest at the time of the sale that would have alerted it that the purchaser would engage in criminal conduct. *See* Mot. at 6-8. Thus, Firequest was entitled to assume that the purchaser would obey the law. *Cowart v. Kmart Corp.*, 20 S.W.3d 779, 784-85 (Tex. App.—Dallas 2000, pet. denied). In the absence of any factual allegations indicating that the purchaser said or did something at the time of the sale to put Firequest on notice that he intended to commit a crime, Plaintiffs have no negligence claim, and the exception to the rule that a third party's criminal conduct is a superseding cause does not apply.

## D. The Petition fails to allege negligence.

Firequest argues in its Motion to Dismiss that the Petition fails to state a claim for negligence because the seller of a lawful product has no duty to investigate the intent of the purchaser or to refrain from selling the product unless, at the time of the sale, the purchaser manifested through his words and conduct that, if possessed of the item, he would pose a danger to others. *See* Mot. at 6-7 (citing *Wal-Mart Stores, Inc. v. Tamez*, 960 S.W.2d 125, 130-31 (Tex. App.—Corpus Christi 1997, pet. denied), *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 846 (Tex. App.—San Antonio 1989, writ denied), and *Chapman v. Oshman's Sporting Goods, Inc.*, 792 S.W.2d 785, 787-88 (Tex. App.—Houston [14th Dist.] 1990, writ denied)). Plaintiffs have alleged no such facts, and that is fatal to their negligence claim.

Plaintiffs attempt to distinguish *Tamez*, *Peek*, and *Chapman*, arguing that they were cases involving face-to-face over-the-counter sales where the seller could evaluate the purchaser, not online sales, as here. *See* Resp. at 12-13. Plaintiffs then jump to the conclusion that that means the sellers have an affirmative duty to assess the purchaser to ensure that they will only use the product in a lawful manner. *See id.* at 13 (asserting that sellers have a "responsibility to assess the purchaser's immaturity, incompetence, behavior, and conduct," and that the law requires sellers to exercise "vigilance"). The cases do not say that; in fact, Texas law holds the opposite. *See Cowart*, 20 S.W.3d at 784-85 (seller may assume the purchaser will obey the law). The rule applied by the case law is that the seller has *no duty* to assess the purchaser, but if the purchaser manifests at the time of the sale that he intends to commit a crime with the product, the seller cannot ignore it. But no such facts are alleged here.

Plaintiffs also suggest that, because of the unique circumstances of this case, a never-before-recognized legal duty should apply to Firequest. Plaintiffs argue that if: (a) the product is designed to increase the firing rate of a semi-automatic rifle; (b) historically, some users of that product have used it in the commission of a crime; (c) the seller is aware that the product has been used by some purchasers to commit crimes; and (d) the seller advertised the product in a manner that might inspire some people to engage in criminal conduct, then the seller has a legal duty to investigate any purchaser before selling the product to ensure that they will only use the product in a lawful manner. *See* Resp. at 11-13. Plaintiffs cite no authority to support the imposition of such a duty on the seller of a lawful product because none exists. Plaintiffs' argument seeks a change of existing law, which is the province of the Legislature, not this Court.

### III.

### CONCLUSION AND PRAYER

Plaintiffs' allegations are insufficient to state a plausible claim for relief against Firequest.

Therefore, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, all claims against Firequest

should be dismissed for failure to state a claim.

Respectfully submitted,

HICKS THOMAS LLP

By: */s/ J. Stephen Barrick*
J. Stephen Barrick
Texas Bar No. 00796168
sbarrick@hicks-thomas.com

John B. Thomas
Texas Bar No. 19856150
jthomas@hicks-thomas.com

D. Ryan Cordell, Jr.
Texas Bar No. 24109754
rcordell@hicks-thomas.com

700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 547-9100 (Telephone)
(713) 547-9150 (Facsimile)

ATTORNEYS FOR DEFENDANT
FIREQUEST INTERNATIONAL, INC.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on January 17, 2025.

*/s/ J. Stephen Barrick*
J. Stephen Barrick