IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ABEL CUELLAR LOPEZ, Individually, and as Wrongful Death Beneficiary of X.J.L., et al,  *Plaintiffs,*  V.  DANIEL DEFENSE, LLC; DANIEL DEFENSE HOLDINGS, LLC; M.C. DANIEL GROUP, INC.; FIREQUEST INTERNATIONAL, INC.; FLASH CO., INC.; PROJECT ECHO HOLDINGS, LLC d/b/a AMERICAN HOLOPTICS; KOUCAR MANAGEMENT, LLC; and OASIS OUTBACK, LLC  *Defendants.* | CIVIL ACTION NO. 02:24-00079-AM |

## DANIEL DEFENSE, LLC'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

TO CHIEF UNITED STATES DISTRICT JUDGE ALIA MOSES:

Defendants Daniel Defense, LLC, Daniel Defense Holdings, LLC, and M.C. Daniel Group, Inc. (collectively, "Daniel Defense") respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the United States Supreme Court's unanimous decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. ___, 2025 WL 1583281 (2025), decided on June 5, 2025, holding that the defendant firearm manufacturers were entitled to immunity under the Protection of Lawful Commerce in Arms Act ("PLCAA"). *Smith & Wesson* provides controlling guidance on the scope of the PLCAA and the stringent pleading requirements for "aiding and abetting" allegations asserted against firearm manufacturers. The decision directly supports the arguments advanced in Daniel Defense's Motion to Dismiss (ECF No. 31) ("Motion") and supporting Reply (ECF No. 36-1) ("Reply").

1

170216

I.      **Summary of Decision**

In the underlying case, Mexico sought redress for Mexican gun violence by bringing claims against several U.S. firearm manufacturers, including Smith & Wesson. *See Smith & Wesson*, 2025 WL 1583281 at *4. Mexico asserted "a variety of tort claims against the defendants, mostly sounding in negligence." *Id.* These claims were based on the theory that "the defendants failed to exercise 'reasonable care' to prevent trafficking of their guns into Mexico, and so are responsible for the harms arising there from the weapons' misuse." *Id.* However, that theory ran "straight into [the] PLCAA's general prohibition." *Id.* Thus, Mexico attempted "to plead its way into [the] PLCAA's predicate exception," alleging that the manufacturers' violations "were ones of *aiding and abetting*," i.e., that the manufacturers were "'willful accessories' in unlawful gun sales by retail dealers, which in turn enabled Mexican criminals to acquire guns (and use them to commit violent offenses)." *Id.* (emphasis added). Mexico made three kinds of aiding-and-abetting allegations:[1] the manufacturers (i) supplied firearms to dealers whom they knew illegally sold "to Mexican gun traffickers," *id.* at *4; (ii) failed to implement adequate distribution controls to prevent illegal sales, *id.* at *5; and (iii) designed and marketed their firearms in ways that allegedly appealed to criminals, *id.*

---

[1] The Court cites the Appendix to the Petition for Certiorari (https://www.supremecourt.gov/DocketPDF/23/23-1141/307919/20240418144202341_Smith%20_%20Wesson%20Cert%20Petition%20Appendix.pdf) ("App."). Mexico did not specifically allege that its action satisfied the PLCAA's predicate exception; the only mention of the PLCAA in the complaint is to argue it applies only to domestic — rather than foreign — claims. *See* App. at 13a (¶ 19), 15a (¶ 23). Nor were Mexico's myriad factual allegations specific to "aiding and abetting," but instead generally sounded in that theory for the purposes of attempting to plead a predicate violation. *See Smith & Wesson*, 2025 WL 1583281 at *4–*5. As the Court noted, Mexico's substantive claims were tort claims. Like Plaintiffs here, Mexico alleged numerous purported common law duties, *see* App. at 31a–43a (¶¶ 77–114), including a purported duty — "independent of any state unfair trade practices statute" — to "refrain from inflammatory and reckless marketing likely to attract and motivate" criminal users, *id.* at 41a (¶ 104), which in turn supported Mexico's common law claims. For instance, Mexico's negligence claim alleged that "Defendants had a duty to exercise ordinary and reasonable care in designing, manufacturing, marketing, advertising, promoting, distributing, supplying, and selling their guns in order to reduce the risk that their guns would be trafficked into Mexico." *Id.* at 183a–184a (¶ 507). The other common-law claims relied on similar allegations. *See id.* at 185a–186a (¶¶ 514–519), 189a–190a (¶¶ 528–532).

The Massachusetts District Court granted the defendants' motions to dismiss on various grounds, including the PLCAA and failure to state a claim under State unfair business practices statutes. *See Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 91 F.4th 511, 518 & n.3 (1st Cir. 2024). Mexico did not appeal the dismissal of the statutory unfair business practices claims.[2] *Id.* The First Circuit reversed the district court's dismissal on the grounds of the PLCAA, holding that "the predicate exception encompasses common law claims in addition to statutory claims, as long as there is a predicate statutory violation that proximately causes the harm." *Id.* at 527. The Supreme Court – in a unanimous decision – reversed, holding that Mexico failed to allege a plausible predicate violation and the defendants therefore "retain[ed] their PLCAA-granted immunity." *Smith & Wesson*, 2025 WL 1583281 at *9.

For starters, the Court reaffirmed that the PLCAA broadly bars civil actions against firearm manufacturers and sellers arising from the "criminal or unlawful misuse" of a firearm by a third party, unless the plaintiff plausibly alleges a predicate statutory violation that was the proximate cause of the harm. *See id.* at *3–*5. However, the Court held that Mexico's aiding-and-abetting allegations were insufficient to plead a plausible predicate violation. *See id.* at *9. Aiding and abetting, the Court explained, requires allegations that the manufacturer "participated in" the violation "as in something that it wished to bring about" and "sought to make succeed." *Id.* at *9 (cleaned up). Passive nonfeasance, generalized knowledge of wrongdoing, and ordinary marketing or distribution practices do not suffice. *Id.* at *5–*6, *8. Thus, for example, allegations regarding "military style" firearms, or marketing and design features attractive to criminals "add

---

[2] The district court rejected Mexico's allegations that Smith & Wesson's marketing campaign was "false and misleading because it 'associates its "civilian" products with the U.S. military and law enforcement' and its advertisements 'repeatedly emphasize its weapons' ability to function in combat-like scenarios and quickly dispatch a large number of perceived enemies with a torrent of fire." *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 633 F. Supp. 3d 425, 452–453 (D. Mass. 2022). Although such advertising might be "distasteful," the court explained, "it is not false, misleading, or deceptive within the meaning of" the Massachusetts consumer-protection statute. *Id.* at 453.

nothing of consequence" to an aiding-and-abetting theory and cannot defeat PLCAA immunity. *See Smith & Wesson*, 2025 WL 1583281 at *7–*8.

Applying those principles, the Court found Mexico's allegations that manufacturers (i) sold firearms to "known rogue dealers," (ii) failed to impose distribution controls, and (iii) designed or marketed products attractive to criminals did not plausibly demonstrate that the manufacturers joined "both mind and hand" with illegal sellers or traffickers, and therefore the manufacturers' PLCAA immunity remained intact. *See id.* at *6–*9. The Court emphasized that adopting a lower threshold would "swallow most of the rule" that Congress enacted, and would resurrect the very litigation Congress intended the statute to foreclose. *See id.* at *8–*9.

## II. Justice Thomas' Concurrence: Courts Must Give Careful Consideration of What Constitutes a "Violation" of Law for the Purposes of the Predicate Exception

Justice Thomas, in his concurring opinion, emphasized that lower courts must carefully consider what is required to meet the PLCAA's requirement of a "violation" of law "applicable to the sale or marketing of firearms." *See Smith & Wesson*, 2025 WL 1583281 at *9 (Thomas, J., concurring). He specifically observed that "[i]n future cases, courts should more fully examine the meaning of 'violation' under the PLCAA" because the statute "at least arguably requires not only a plausible *allegation* that a defendant has committed a predicate violation, but also an earlier *finding* of guilt or liability in an adjudication regarding the 'violation.'" *Id.* Justice Thomas cautioned that "[a]llowing plaintiffs to proffer mere allegations of a predicate violation would force many defendants in PLCAA litigation to litigate their criminal guilt in a civil proceeding, without the full panoply of protections that we otherwise afford to criminal defendants." *Id.* Thus, courts must scrutinize whether the alleged conduct truly amounts to a violation of law as contemplated by the PLCAA, ensuring that the exception is not expanded beyond Congress's intent or interpreted in ways that "raise serious constitutional questions that would counsel in favor of a

4

170216

narrower interpretation." *Id.* ("Particularly given the PLCAA's aim of protecting gun manufacturers from litigation, . . . this issue warrants careful consideration.").

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail: dprichard@pomllp.com
David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@pomllp.com
PRICHARD OLIVER MONTPAS LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

**COUNSEL FOR DEFENDANT**
***DANIEL DEFENSE, LLC F/K/A***
***DANIEL DEFENSE, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June 2025, I electronically served all counsel of record through the court's CM/ECF system authorized by the Federal Rules of Civil Procedure.

/s/ David M. Prichard
David M. Prichard

170216